# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 4, 2013

Lyle W. Cayce
Clerk

No. 11-30752
Summary Calendar

JUAN P. VERRETTE,

Plaintiff-Appellee

v.

CHARLES CODY,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:07-CV-547

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Charles Cody, Louisiana prisoner # 101450, appeals the district court's judgment finding him 60% at fault for causing Juan P. Verrette's, Louisiana prisoner # 128135, injuries and awarding damages of $75,000 for pain and suffering. Cody contends that it was unfair to assign him damages and hold him more at fault than Verrette since Verrette initiated the confrontation and prison norms demanded that Cody respond.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The allocation of fault and assessment of damages are factual findings reviewed under the clearly erroneous standard. *Hernandez v. M/V Rajaan*, 841 F.2d 582, 587 (5th Cir. 1988) (damages); *Transorient Navigators Co., S.A. v. M/S Southwind*, 788 F.2d 288, 291 (5th Cir. 1986) (fault). A factual finding is not clearly erroneous so long as it is "plausible in light of the record viewed in its entirety." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985).

From the evidence, the district court could plausibly find that Cody assaulted and seriously injured Verrette as Verrette was walking away. Therefore, the assignment of damages and a greater portion of fault to Cody was plausible in light of the record as a whole and not clearly erroneous. *See id.*

The judgment of the district court is AFFIRMED.